Filed 12/16/25  P. v. Guiher CA4/1
### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D084779 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN424895) |
| BRANDON SCOTT GUIHER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Affirmed.

Brandon Scott Guiher, in pro. per.; and Patrick Dudley under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Brandon Scott Guiher pleaded guilty to assault by means likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4); count 1) and admitted that he personally inflicted great bodily injury upon the victim (§ 12022.7, subd. (a)) and suffered two prior convictions.  The court sentenced

---

[1]     Statutory references are to the Penal Code unless otherwise specified.

him to the upper term on count 1 plus additional time for the enhancement and prior convictions, for a total term of 16 years.

Guiher appealed. His appointed counsel filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 to determine whether there are any arguable issues for review. We informed Guiher of his right to personally file a supplemental brief, and he has done so. Having reviewed the specific contentions raised by Guiher in his brief as well as independently reviewing the record, we find no reasonably arguable appellate issues. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2023, Brandon Scott Guiher was charged in an amended information with assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); counts 1, 6) and battery with serious bodily injury (§ 243, subd. (d); counts 2, 7) as to two different victims on two separate occasions. The amended information further alleged as to a third victim that he made a criminal threat (§ 422; count 3) and violated a criminal protective order on two occasions (§ 166, subd. (c)(1); counts 4, 5). Counts 1, 2, 3, and 6 included additional enhancements.

Guiher pleaded guilty the same day to count 1 and admitted the enhancement that he personally inflicted great bodily injury on the victim of count 1 (§ 12022.7, subd. (a)). He also admitted that he suffered two prior convictions. (§§ 667(a)(l), 668, 1192.7(c).) Finally, he agreed that three aggravating factors were true. (Cal. Rules of Court, rules 4.421(a)(1), 4.421(a)(3), 4.421(b)(3).) The court sentenced Guiher to the upper term of eight years on count 1 plus three years for the enhancement and five years for the prior convictions, for a total of 16 years in state prison.

2

On September 9, 2024, Guiher filed a motion requesting constructive filing of a notice of appeal, which this court granted.

## DISCUSSION

As we noted, appellate counsel filed a *Wende* brief asking us to independently review the record for error. To assist this court in its review of the record, and in compliance with *Anders*, counsel identified a possible issue that counsel considered in evaluating the potential merits of this appeal: specifically, whether pursuant to the terms of Guiher's plea agreement, the trial court erred in imposing a 16-year prison sentence. We have exercised our discretion to independently review the record and have found no potentially meritorious issues warranting reversal on appeal.

In his supplemental brief, Guiher argues the sentencing judge failed to consider the evidence he presented of mitigating factors. In particular, he states that he provided proof that he obtained anger management treatment, participated in Narcotics Anonymous, took medication for his mental health issue, lived in sober living, and took his mental health issues seriously. He further objects to being sentenced to the upper term when all but one count was dismissed and to being sentenced to an additional term based on a crime he committed more than 10 years ago when he was 18 years old.[2]

We have carefully considered Guiher's specific arguments and conclude that they are not potentially meritorious issues and do not support his claim for relief. The court heard and considered argument from Guiher's attorney, his wife, and his father about his mental health issues and all the affirmative steps he had taken to address them. It also considered defense counsel's motion to strike the prior strike convictions for purposes of sentencing

---

[2]    We note that when the court took Guiher's plea, it confirmed that he understood that the maximum punishment possible under the agreement was 16 years in prison, a $10,000 fine, and 3 years of parole.

under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, based in part upon the staleness of the convictions and Guiher's age at the time of the convictions. We find no support for Guiher's contention that the court did not consider this evidence in mitigation and in support of the motion to strike. Rather, the court made clear that it did not find the mitigating facts in favor of either compelling. It based the upper term on the "overbalance" of factors in aggravation, admitted by Guiher, including that the crime involved a vulnerable victim, "[i]t was a crime with a high degree of cruelty, viciousness, and callousness," and Guiher had served a prior prison term. Given that Guiher authorized the court to consider his prior criminal history and waived his right to a jury trial on aggravating factors, the court also appropriately considered that Guiher was on parole and out on bail at the time he committed the crime. (See *People v. Wiley* (2025) 17 Cal.5th 1069, 1083–1084.) All these aggravating factors support a conviction to the upper term. Likewise, Guiher has not demonstrated that the court abused its discretion in declining to strike either prior conviction. (See *People v. Carmony* (2004) 33 Cal.4th 367, 374.) Accordingly, the evidence does not support an implication that the court abused its discretion in imposing the maximum term of 16 years contemplated by the plea agreement.

Our independent review of the record pursuant to *Wende* and *Anders* has disclosed no other reasonably arguable appellate issues for reversal. Competent counsel represented Guiher on this appeal.

4

## DISPOSITION

The judgment is affirmed.


KELETY, J.

WE CONCUR:


IRION, Acting P. J.


DO, J.